IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 06-20159-01-KHV |
| v. | ) | |
| | ) | CIVIL ACTION |
| GASPAR RAMOS, | ) | No. 11-2028-KHV |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #348) filed January 18, 2011. In the interest of justice, the Court directs the parties to file briefs which are limited to the issue of potential procedural bars to defendant's motion. See United States v. Allen, 16 F.3d 377, 378-79 (10th Cir. 1994) (court may raise and enforce procedural bar *sua sponte* if doing so furthers interests of judicial efficiency, conservation of scarce judicial resources and orderly and prompt administration of justice). In particular, defendant's claims appear to be barred because in the plea agreement, he waived his right to file collateral challenges,[1] and his claims were not filed within the one-year period of limitations for Section 2255 claims.[2] A court may raise procedural bars *sua*

---

[1] Except as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001), the plea agreement waived any right to collaterally attack any matter in connection with defendant's prosecution, conviction or sentence. See Plea Agreement ¶ 12, attached to Petition To Enter Plea of Guilty And Order Entering Plea (Doc. #219) filed March 2, 2009.

[2] Section 2255 provides a one-year period of limitation which ordinarily runs from the date on which the judgment of conviction becomes final. See 28 U.S.C. § 2255. If a defendant does not file a direct appeal of his conviction or sentence, the conviction becomes final upon the expiration of the time in which to take a direct criminal appeal. United States v. Prows, 448 F.3d 1223, 1227-28 (10th Cir. 2006). Here, on December 3, 2009, the Court entered judgment. See
(continued...)

*sponte* but must afford the movant an opportunity to respond to the defenses.  See United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994); see also United States v. DeClerck, 252 Fed. Appx. 220, 224 (10th Cir. 2007) (district courts "permitted, but not obliged" to review, *sua sponte*, whether Section 2255 motion timely filed); United States v. Barajas-Diaz, 313 F.3d 1242, 1247 (10th Cir. 2002) (court may raise procedural bar *sua sponte* where transcendent interests served by that defense warrant it).

**IT IS THEREFORE ORDERED that on or before February 22, 2011, the government shall file a brief which is limited to the issue of potential procedural bars to defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #348) filed January 18, 2011.  On or before March 25, 2011, defendant may file a response brief which is limited to the issue of potential procedural bars to his motion.**

Dated this 7th day of February, 2011 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge

---

²(...continued)
Judgment In A Criminal Case (Doc. #336).  Under Rule 4(b) of the then current version of the Federal Rules of Appellate Procedure, defendant's judgment became final ten days later (excluding Saturdays and Sundays) on December 17, 2009.  Therefore defendant had until December 17, 2010 to file a motion to vacate under Section 2255.

-2-