## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| | ) | **No. 06-20159-01-KHV** |
| v. | ) | |
| | ) | **CIVIL ACTION** |
| GASPAR RAMOS, | ) | **No. 11-2028-KHV** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate,</u>
<u>Set Aside, Or Correct Sentence By A Person In Federal Custody</u> (Doc. #348) filed January 18, 2011.

For reasons stated below, the Court overrules defendant's motion.

### Factual Background

On February 26, 2009, a grand jury returned a 21-count indictment which charged defendant
in part with conspiracy to distribute and possess with intent to distribute 1000 kilograms or more of
marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846.[1]  On March 2, 2009, pursuant to a plea
agreement, defendant pled guilty.  Defendant's total offense level was 37, with a criminal history
category I, resulting in a guideline range of 210 to 262 months in prison.  <u>See</u> <u>Presentence</u>
<u>Investigation Report</u> ("PSIR") dated July 15, 2009 ¶ 94.  Defendant's total offense level included
a two level enhancement for possession of a firearm.  <u>See</u> <u>id.</u> ¶ 50; U.S.S.G. § 2D1.1(b)(1).  On
December 2, 2009, the Court sentenced defendant to 210 months in prison.  Throughout these
proceedings, Jack West and William E. Shull represented defendant as co-counsel.

---

[1]     The indictment charged defendant in ten other counts, but he only pled guilty to the
count of conspiracy to distribute and possess with intent to distribute 1000 kilograms or more of
marijuana.

Defendant did not appeal, but on January 18, 2011, he filed this motion under 28 U.S.C. § 2255. Liberally construed, defendant's Section 2255 motion asserts that his attorneys were ineffective because they did not object to the firearm enhancement at sentencing and they did not file an appeal as he instructed. See Motion Under 28 U.S.C. § 2255 (Doc. #348) at 5-6; Memorandum Brief (Doc. #349) filed January 18, 2011 at 3-7.

**Analysis**

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

**I.      Procedural Bar – Statute Of Limitations**

Section 2255 provides a one-year period of limitation which ordinarily runs from the date on which the judgment of conviction becomes final.[2] If a defendant does not file a direct appeal of

---

[2]       The one-year period of limitation runs from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

his conviction or sentence, the conviction becomes final upon the expiration of the time in which to take a direct criminal appeal.  United States v. Prows, 448 F.3d 1223, 1227-28 (10th Cir. 2006). Here, on December 3, 2009, the Court entered judgment.  See Judgment In A Criminal Case (Doc. #252).  Under Rule 4(b) of the then current version of the Federal Rules of Appellate Procedure, defendant's judgment became final ten days later (excluding Saturdays and Sundays), on December 17, 2009.  Therefore defendant had until December 17, 2010 to file a motion to vacate under Section 2255.

Defendant argues that because his attorneys did not file an appeal as he instructed and because he is not proficient in English or in the law, the Court should consider his motion as timely. See Petitioner's Reply To Government's Response To § 2255 Motion (Doc. #354) filed March 7, 2011 at 1-2.  Under subsection 4 of Section 2255, equitable tolling is available when an inmate diligently pursues his claims and demonstrates that extraordinary circumstances beyond his control caused his failure to timely file.  See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001).  Here, counsel's failure to file an appeal and defendant's lack of knowledge of English and the law do not show that defendant diligently pursued his claims or that extraordinary circumstances caused his failure to timely file.  On this record, defendant presents no valid basis to invoke equitable tolling of the limitations period.[3]  The Court therefore overrules

---

[3]    In an unpublished opinion, the Tenth Circuit rejected the arguments which defendant raises here as follows:

> Galindo argues the district court should have held a hearing regarding equitable tolling because (1) he did not have access to legal materials in Spanish or to a Spanish-speaking law clerk; (2) an inmate told him he could file a § 2255 petition at any time; and (3) he asked his attorney to file a notice of appeal, but his attorney did not do so.  ROA Vol. 1, at 71–72.  Galindo's first two arguments easily fail.  We

(continued...)

defendant's claims as untimely.

## II.      Procedural Bar – Waiver Of Collateral Challenges

Defendant argues that Mr. West and Mr. Shull were ineffective because they did not object to the firearm enhancement and did not file an appeal as instructed. The government argues that the waiver of collateral challenges in the plea agreement bars both claims.

A knowing and voluntary waiver of the statutory right to appeal or to collaterally attack a sentence is generally enforceable. United States v. Chavez-Salais, 337 F.3d 1170, 1172 (10th Cir. 2003); United States v. Cockerham, 237 F.3d 1179, 1181 (10th Cir. 2001), cert. denied, 534 U.S. 1085 (2002); United States v. Hernandez, 134 F.3d 1435, 1437 (10th Cir. 1998). The Court applies

---

[3](...continued)
have previously held that lack of knowledge regarding the law, including ignorance resulting from language barriers, does not toll the statute of limitations. Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000); Yang v. Archuleta, 525 F.3d 925, 929–30 (10th Cir. 2008). Moreover, delays caused by fellow inmates providing legal assistance do not justify equitable tolling. Marsh, 223 F.3d at 1220 ("The fact that an inmate law clerk was assisting in drafting [a motion] does not relieve [a plaintiff] from the personal responsibility of complying with the law.").

We are also unpersuaded by Galindo's remaining assertion — that equitable tolling applies because his attorney disregarded his instruction to file a direct appeal from the district court's sentencing. Even assuming that Galindo asked his attorney to file an appeal and that — as Galindo implicitly asserts — he believed his sentence had been appealed, the statute of limitations still bars his claim because he filed his habeas petition a full year after the statute had run. Although Galindo may have reasonably thought for a few months that his attorney had filed a notice of appeal, he did not "diligently pursue [ ] his claims", id., because he apparently took no action to inquire regarding the status of his direct appeal and because he waited two full years to file his habeas petition. Accordingly, the district court did not err in declining to hold an evidentiary hearing or in concluding that Galindo's habeas petition was barred by the applicable statute of limitations.

United States v. Galindo, 406 Fed. Appx. 322, 324 (10th Cir.), cert. denied, 131 S. Ct. 2466 (2011).

a three-pronged analysis to evaluate the enforceability of such a waiver: (1) whether the disputed issue falls within the scope of the waiver; (2) whether defendant knowingly and voluntarily waived his rights; and (3) whether enforcing the waiver would result in a miscarriage of justice.  United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc).

> A.     Scope Of The Waiver

To determine whether the disputed issue falls within the scope of the waiver, the Court begins with the plain language of the plea agreement.  United States v. Anderson, 374 F.3d 955, 957 (10th Cir. 2004); Hahn, 359 F.3d at 1328.  The Court construes the plea agreement according to contract principles and based on what defendant reasonably understood when he entered the plea.  United States v. Arevalo-Jimenez, 372 F.3d 1204, 1206 (10th Cir. 2004).  The Court strictly construes the waiver and resolves any ambiguities against the government and in favor of defendant.  Hahn, 359 F.3d at 1343.

The plea agreement states in relevant part as follows:

> **12.     Waiver of Appeal and Collateral Attack.**  The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein (including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release).  The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed.  By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court.  The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion under Fed. Rule of Civ. Pro 60(b).  In other words, the defendant waives the right to appeal the sentence imposed except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.  However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C.

-5-

§ 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by Title 18, U.S.C. § 3742(a).

Plea Agreement ¶ 12, attached to Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #219) filed March 2, 2009.  The scope of this waiver unambiguously includes the right to collaterally attack by a Section 2255 motion any matter in connection with defendant's prosecution, conviction or sentence.  In Cockerham, the Tenth Circuit noted that "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver," but that "collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable."  237 F.3d at 1187.

Here, except as limited by Cockerham, i.e. except for claims challenging the validity of the plea or waiver, defendant specifically waived his right to raise any collateral challenge in connection with his prosecution, conviction and sentence.  Defendant argues that he has satisfied the Cockerham exception because he has alleged ineffective assistance of counsel, see Petitioner's Reply To Government's Response To § 2255 Motion (Doc. #354) at 3, but he has not shown how his ineffective assistance of counsel claims challenge the "validity of the plea or the waiver." Cockerham, 237 F.3d at 1187.  One of defendant's claims relates to his counsel's performance at sentencing (failure to object to firearm enhancement) and the other claim relates to his counsel's failure to file an appeal.[4]  Because defendant's claims do not challenge the validity of the plea or

---

[4]    In his reply, defendant suggests that when he entered the plea, he did not understand that he could not appeal the firearm enhancement.  See Petitioner's Reply To Government's Response To § 2255 Motion (Doc. #354) at 3.  Based on the plea agreement, defendant understood that the waiver barred all collateral challenges related to his prosecution, conviction and sentence. See Plea Agreement ¶ 12.  In addition, at the change of plea hearing, defendant acknowledged that unless the Court gave him a sentence which was higher than the sentencing guidelines or the
(continued...)

waiver, they fall within the scope of the waiver in the plea agreement.[5]  See Cockerham, 237 F.3d at 1187.

> B.     Knowing And Voluntary Nature Of The Plea

To ascertain whether defendant knowingly and voluntarily waived his rights, the Court evaluates the language of the plea agreement and the plea petition, and the Rule 11 colloquy.  Hahn, 359 F.3d at 1325.  The Court conducted a thorough inquiry at the plea hearing.  At that time defendant affirmed that he understood the charge against him, the maximum prison term of life, the rights which he was waiving and the factual basis for his plea.  Defendant acknowledged that he understood the waiver of appeal and collateral challenges, that his plea was free and voluntary, that no one had forced or threatened him to enter it and that the only reason he was making a plea was that

---

[4](...continued)
statutory maximum, he could not challenge any decisions related to the prosecution, conviction, sentence or anything else in his case.  See Transcript Of Sentencing (Doc. #352-2) at 31.

[5]     The Court recognizes that a waiver of *appeal* in the plea agreement does not bar a claim that counsel was ineffective for refusing to file an appeal despite his client's specific instructions to do so.  See Roe v. Flores-Ortega, 528 U.S. 470, 477, 484-85 (2000); United States v. Snitz, 342 F.3d 1154, 1155-56 (10th Cir. 2003).  On a motion to vacate sentence under Section 2255, however, the issue is whether such a claim can overcome a valid waiver of *collateral challenges*.  As explained above, a valid waiver of collateral challenges in the plea agreement waives the right to bring a Section 2255 motion except for ineffective assistance claims which challenge the validity of the plea or the waiver.  See Cockerham, 237 F.3d at 1187.  Defendant's claim that counsel failed to file an appeal does not challenge the validity of the plea or waiver.  See United States v. Falcon-Sanchez, 416 Fed. Appx. 728, 730 (10th Cir. 2011); United States v. Macias, 229 Fed. Appx. 683, 687 (10th Cir. 2007); United States v. Davis, 218 Fed. Appx. 782, 784 (10th Cir. 2007); United States v. Hogan, Nos. Civ-09-430-JHP, CR-08-027-JHP, 2010 WL 2594665, at *3 (E.D. Okla. June 23, 2010); United States v. Williams, No. 06-40132-01-JAR, 2010 WL 1710578, at *5 (D. Kan. Apr. 26, 2010), cert. of appealability denied, Doc. #257 in D. Kan. No. 06-40132-01-JAR (10th Cir. Dec. 6, 2010), available electronically through PACER, www.pacer.gov (district court resolution of Section 2255 motion not reasonably subject to debate); United States v. Olden, No. 04-cr-071-TCK, 2009 WL 2922989, at *2 (N.D. Okla. Sept. 9, 2009); see also United States v. Mabry, 536 F.3d 231, 239-42 (3d Cir. 2008) (even if counsel was obliged to file direct appeal, waiver of collateral review bars relief); Lewis v. United States, No. 08-2084-PHX-DGC, 2009 WL 4694042, at *5 (D. Ariz. Dec. 4, 2009) (Flores-Ortega does not address enforceability of waiver of collateral attack rights).

he was in fact guilty as charged.  Nothing in the record suggests that defendant's plea or waiver of post-conviction rights was unknowing or involuntary.  In sum, the language of the plea agreement and the Rule 11 colloquy established that defendant's waiver of his rights was knowing and voluntary.

C.   Miscarriage Of Justice

The Court must "determine whether enforcing the waiver will result in a miscarriage of justice."  Id. at 1327.  This test is not met unless (1) the district court relied on an impermissible factor such as race; (2) defendant received ineffective assistance of counsel in conjunction with negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity or public reputation of judicial proceedings.  Id.  Defendant bears the burden of demonstrating that the waiver results in a miscarriage of justice.  Anderson, 374 F.3d at 959.

The Court finds that enforcement of the waiver does not implicate any of the four factors listed above.  In particular, defendant received a sentence of 210 months in prison, which is less than the statutory maximum of life in prison.  See United States v. Green, 405 F.3d 1180, 1193-94 (10th Cir. 2005); United States v. Porter, 405 F.3d 1136, 1144 (10th Cir.) ("statutory maximum" under Hahn refers to statute of conviction), cert. denied, 546 U.S. 980 (2005).  Furthermore, enforcement of the waiver as to collateral challenges does not seriously affect the fairness, integrity or public reputation of the proceedings.  See United States v. Maldonado, 410 F.3d 1231, 1233-34 (10th Cir.) (waiver of appellate rights enforced where sentence did not exceed statutory maximum and was based on judge-made findings), cert. denied, 546 U.S. 989 (2005).  The Court finds that enforcing the waiver will not result in a miscarriage of justice.

-8-

### III.    Conclusion

The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which are not directly refuted by the record or if true, would entitle him to relief.  Accordingly, no evidentiary hearing is required. See 28 U.S.C. § 2255; United States v. Kilpatrick, 124 F.3d 218 (Table), 1997 WL 537866, at *3 (10th Cir. Sept. 2, 1997) (allegations of ineffective assistance must be specific and particularized; conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

### IV.    Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).[6]  To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)).  For reasons stated above, the Court finds that defendant has not made a substantial showing of the denial of a constitutional right.

---

[6]    The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability.  See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

**IT IS THEREFORE ORDERED** that defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody</u> (Doc. #348) filed January 18, 2011 be and hereby is **OVERRULED**.

Dated this 3rd day of August, 2011 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge